IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DANTE JEFFRIES, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:24-cv-03265-PX |
| CREDIT ONE BANK, N.A, | * | |
| Defendant. | | |

***

## MEMORANDUM OPINION

Pending before the Court are Defendant Credit One Bank, N.A.'s ("Credit One") Motion to Compel Arbitration and Dismiss Litigation, as well as Plaintiff Dante Jeffries' ("Jeffries") Motion for a Speedy Trial. The issues are fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. For the reasons stated below, the Court will grant Credit One's motion and deny Jeffries' motion as moot.

**I.   Background[1]**

On October 15, 2023, Jeffries applied for a credit card on Credit One's website after he received a pre-approved offer. ECF No. 11-1 at 21. As part of the on-line offer, Credit One alerted potential card holders that the Credit Card Agreement (the "Agreement") "includes an arbitration provision, which restricts your opportunity to have claims related to the account heard in court or resolved by a jury, and to participate in a class action or similar proceeding." *Id.* at 30. The notice further alerted the card holder that "complete details will be in the Card Agreement sent with your

---

[1] In evaluating a motion to compel arbitration, courts may consider extrinsic evidence to determine the existence and scope of the relevant agreements. *See Galloway v. Santander Consumer USA, Inc*., 819 F.3d 79, 86 (4th Cir. 2016) (evaluating materials outside of complaint in assessing motion to compel arbitration); *see also Miller v. Maxim Healthcare Servs.*, Inc., No. 1:22-CV-01782-JRR, 2023 WL 2957413, at *1 (D. Md. Apr. 14, 2023) (citing *Aggarao v. MOL Ship Mgmt. Co., Ltd*., 675 F.3d 355, 366 (4th Cir. 2012)). Jeffries does not dispute that the Court may consider the applicable agreements regarding line of credit and other evidence submitted concerning the terms of his credit card use. ECF No. 15. Accordingly, the Court will consider the documents appended to Credit One's motion. ECF No. 11-1 at 20–43.

1

card." *Id.*

On October 17, 2023, Credit One issued Jeffries a credit card and mailed him a paper copy of the Agreement along with the physical card. *Id.* at 22. The Agreement expressly states that Jeffries will "accept this Agreement" once he uses the card. *Id.* at 34. On October 23, 2023, Jeffries activated his credit card and used it beginning November 5, 2023. *Id.* at 22.

The Agreement includes an arbitration provision which reads in pertinent part:

> **PLEASE READ CAREFULLY-IMPORTANT-AFFECTS YOUR LEGAL RIGHTS**
>
> This agreement to arbitrate provides that you or we can require controversies or disputes between us to be resolved by BINDING ARBITRATION. You have the right to REJECT this agreement to arbitrate by using the procedure explained below.
> If you do not reject this agreement to arbitrate, you GIVE UP YOUR RIGHT TO GO TO COURT and controversies or disputes between us will be resolved by a NEUTRAL ARBITRATOR INSTEAD OF A JUDGE OR JURY, using rules that are simpler and more limited than in a court. Arbitrator decisions are subject to VERY LIMITED REVIEW BY A COURT. Arbitration will proceed INDIVIDUALLY — CLASS ACTIONS AND SIMILAR PROCEDURES WILL NOT BE AVAILABLE TO YOU.

*Id.* at 38 (emphasis in original).

As for claims covered by the arbitration provision, the Agreement makes clear that the parties will arbitrate,

> any controversies or disputes arising from or relating in any way to your Account; any transactions involving your Account; any disclosures made to you concerning your Account; any interest, charges, or fees assessed on your Account; any service(s) or programs related to your Account; and, if permitted by the rules of the arbitration forum, any collection of debt related to your Account. Claims also include controversies or disputes arising from or relating in any way to advertising, solicitations, or any application for, approval of, or establishment of your Account. Claims subject to arbitration include any controversies or disputes based on any theory of law, whether contract, tort, statute, regulation, common law, or equity, or whether they seek legal or equitable remedies.

*Id.* at 38.

Lastly, the Agreement allows card holders to "reject the Agreement to Arbitrate" via

2

"written notice of rejection" mailed to Credit One "within 45 days after [the Agreement] was first provided to [the card holder]." *Id.* at 40.  The rejection provision also makes clear that "[r]ejection of arbitration will not affect your other rights or responsibilities under this Card Agreement."  *Id.*

Although Jeffries sent a notice of rejection, he did so in August 2024, well beyond the 45-day window.  ECF No. 15.  Jeffries next filed suit in Prince George's County Circuit Court against Credit One for breach of contract, breach of fiduciary duties, and unspecified violations of "federal law."  ECF No. 9.  Credit One timely removed the action to this Court and moved to compel arbitration.  ECF No. 11.  Jeffries separately moved for a speedy trial pursuant to Article 19 of the Maryland Constitution.  ECF No. 16.  The Court now turns to Credit One's motion.

## II.     Standard of Review

Credit One urges the Court to dismiss the Amended Complaint under either Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), or 12(b)(6) so the matter may proceed in arbitration.  ECF Nos. 11 & 11-1.  Where the parties have agreed to arbitrate disputes, dismissal under 12(b)(1) or 12(b)(6) may be a proper remedy.  *See Lomax v. Weinstock, Friedman & Friedman, P.A*, No. CCB-13-1442, 2014 WL 176779, at *2 (D. Md. Jan. 15, 2014) ("Courts have found it proper to dismiss claims subject to arbitration agreements under both Rule 12(b)(1) and Rule 12(b)(6)."), *aff'd sub nom.* 583 F. App'x 100 (4th Cir. 2014).  A motion to dismiss brought pursuant to Rule 12(b)(1) challenges the Court's limited subject matter jurisdiction, and the plaintiff "bears the burden of proving that subject matter jurisdiction exists."  Fed. R. Civ. P. 12(b)(1); *Piney Run Preservation Ass'n v. Cnty. Comm'rs of Carroll Cnty.*, 523 F.3d 453, 459 (4th Cir. 2008).  Absent an "independent jurisdictional basis," when the plaintiff's claims are subject to an enforceable arbitration provision, the Court lacks subject matter jurisdiction.  *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581–82 (2008).

A motion to dismiss brought pursuant to Rule 12(b)(6) "test[s] the sufficiency of the complaint," viewing the complaint facts as true and most favorably to the plaintiff. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Because Jeffries proceeds pro se, the Court reads the Amended Complaint most charitably to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (explaining that pro se complaints are not held to the same pleading standard as those prepared by lawyers). The Court also considers the Agreement and documents relevant to Jeffries' acceptance of the Agreement as integral to the Complaint and this motion. *E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011).

### III.     Analysis

The Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 1–16, governs this dispute. *See Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003); *see also Star Dev. Grp., LLC v. Darwin Nat'l Assurance Co.*, 813 F. App'x 76, 81 (4th Cir. 2020) (explaining that courts "presume that an agreement involving interstate commerce . . . will be arbitrated under the FAA absent clear indication by the parties to the contrary."). Under the FAA, "arbitration agreements are 'valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Dillon v. BMO Harris Bank, N.A.*, 856 F.3d 330, 334 (4th Cir. 2017) (quoting 9 U.S.C. § 2). The FAA "reflects 'a liberal federal policy favoring arbitration agreements.'" *Adkins v. Lab. Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). Thus, the "party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91 (2000).

To prevail on a motion to compel arbitration under the FAA, the moving party must show "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the [other party] to arbitrate the dispute." *Whiteside v. Teltech Corp.*, 940 F. 2d 99, 102 (4th Cir. 1991); *see Wood v. Uber Techs., Inc.*, Civ. No. TDC-23-2149, 2024 WL 69926, at *3 (D. Md. Jan. 5, 2024). Credit One has made the requisite showing for each of the *Whiteside* factors.

As to the first factor, the Court must accord unambiguous contract terms their plain and ordinary meaning, as read in the context of the entire agreement.[2] *See Consol. Generator–Nevada, Inc. v. Cummins Engine Co., Inc*., 114 Nev. 1304 (1998) (applying ordinary contract principles); *see also Cochran v. Norkunas*, 398 Md. 1 (2007) (same). In this respect, Jeffries does not dispute that the arbitration provision is valid and binding, and covers the claims in this case.[4] ECF No. 15. Accordingly, the first two *Whiteside* factors indisputably favor compelling arbitration. Nor do the parties dispute that the third *Whiteside* factor, as it is evident that this consumer credit dispute bears a close relation to interstate commerce. Last, Jeffries clearly has not agreed to

---

[2] Applicable common law of contract interpretation is either Nevada law, pursuant to the Agreement's choice-of-law provision, ECF No. 11-1 at 38; or Maryland law, as the place where Jeffries accepted the agreement. *Id.* at 21; *see Baker DC, LLC v. Baggette Construction, Inc.*, 378 F. Supp. 3d 399, 406 (D. Md. 2019) (citing *RaceRedi Motorsports, LLC v. Dart Mach., Ltd*. 640 F. Supp. 2d 660, 665 (D. Md. 2009)) (noting that under principles of *lex loci contractus*, the court applies the law of the place where the contract was formed). Because the contractual terms are plain and unambiguous , the outcome is the same under either law. *See Boule v. Credit One Bank*, No. 15-CV-8562(RJS), 2016 WL 3015251, at *2 (S.D.N.Y. May 11, 2016) (describing where contract interpretation is straightforward, the outcome likely would not differ across potentially applicable state laws).

[4] Although Jeffries posits that Credit One "shall not determine whether such claims filed against them . . . should or should not be administrated [sic] arbitration," ECF No. 9 at 1, the Court must ascertain whether the arbitration provision reaches Jeffries' claims. *See Whiteside v. Teltech Corp*., 940 F.2d 99, 102 (4th Cir. 1991). The provision covers "any controversies or disputes arising from or relating in any way to your Account; any transactions involving your Account; any disclosures made to you concerning your Account; any interest, charges, or fees assessed on your Account; [and] any service(s) or programs related to your Account." ECF No. 11-1 at 38. Because Jeffries principally challenges the way Credit One handled his account, ECF No. 9, the claims are subject to arbitration.

5

arbitrate the dispute. Thus, all *Whiteside* factors point toward compelling arbitration in lieu of this litigation.

In response, Jeffries singularly argues that the arbitration provision does not extend to his claims because, on August 22, 2024, he gave written notice that he rejected the arbitration provision. ECF No. 15 at 1. The problem for Jeffries is that his notification came too late, well beyond the 45-day rejection window set forth in the Agreement. ECF No. 15. Jeffries activated the card on October 23, 2023, made his first purchases on November 5, 2023, but waited over eight months to "reject" the arbitration provision. Accordingly, the arbitration provision remains in full force and effect. Indeed, to credit Jeffries' argument would read the 45-day time constraint out of the Agreement entirely, in contravention of basic contract principles requiring courts to give effect to all plain and unambiguous terms. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995) ("When deciding whether the parties agreed to arbitrate a certain matter . . . , courts generally . . . should apply ordinary state-law principles that govern the formation of contracts.").

Because all claims are indisputably covered by the Agreement's arbitration provision, the Court dismisses the Complaint without prejudice so that the claims may proceed in arbitration. *See Taylor v. Santander Consumer USA, Inc.*, No. DKC 15-0442, 2015 WL 5178018, at *7 (D. Md. Sept. 3, 2015) (dismissal is appropriate where "a court rules that all of a plaintiff's claims must be arbitrated") (quoting *In re Titanium Dioxide Antitrust Litig.*, 962 F. Supp. 2d 840, 856 (D. Md. 2013)). Further, because the matter is properly dismissed, the Court denies Jeffries' motion for a speedy trial as moot.

### III. Conclusion

For the foregoing reasons, Credit One's Motion to Compel Arbitration and Dismiss is granted. The Complaint is dismissed without prejudice subject to arbitration. Jeffries' Motion for

Speedy Trial is denied as moot.  A separate Order will follow.


| April 23, 2025 | /S/ |
|---|---|
| Date | Paula Xinis |
|  | United States District Judge |